ORIGINAL

In The

United State District Court

For The Northern District of Texas

Fort Worth Division

Civil Action No. 4:16-CV-675-O

Cary A. Zolman

Plaintiff

v.

Federal National Mortgage

Association ("Fannie Mae"),

Seterus, Inc.,

Plaintiff's Brief in Support

Why The Court Should Not Dismiss

Pursuant To

Federal Rule Of Civil Procedure, Rule 12(B)(6)

Federal National Mortgage Association ("Plaintiff") and Seterus, Inc.("Seterus, Inc." and together with Fannie Mae as "Defendants") filed a brief in Support of their Motion to Dismiss Pursuant to Rule of Civil

1

Procedure 12 (B)(6). The motion was filed electronically with the court on July 20, 2016.

The very same motion was mailed to Plaintiff, by regular mail. Plaintiff is a pro-se litigant.

The actual motion was received by Plaintiff on August 19, 2016. Although this fact is in controversy with the Defendant's claim. The controversy derives because of an old legal strategy. Mail the defendant a notice of what was filed with the Court, and withhold the copies of what was filed. A few days later, mail the copies to the opposing party, in this case, the Plaintiff. The opposing party can then claim that a copy of the documents filed was mailed to the other party. Although this practice is illegal, it is what has happened in this case. A green card, does not verify what was mailed! It only means that something was mailed and received!!!! Thus, this court should not take the green card as Evidence, and if the court does, it should only be limited to indicate that **something** was mailed to the Plaintiff.

This court should not grant relief to the Defendants for the following reasons, but not limited to the reasons stated herein.

Reason Number One

Jurisdiction

This court does not have jurisdiction over the parties nor the subject matter. This becomes a constitutional question of law. The Constitutional question of law is whether this court has the authority to confiscate land in the State of Texas? Plaintiff's position is that the federal government cannot!

## Reason Number Two

Is this court, a constitutional court? Is this court an article III, section 1 of the Constitution court with limited jurisdiction?

Under what Constitution authorizes this Court to exercise its authority over subject matters outside of Washington D.C.?

Is a United States District Court Judge required to take the oath to defend the Constitution of the United States of America? If not, then any ruling issued by the Court is unconstitutional, not binding, nor enforceable!!

If the answer is yes, then this court has only one option, and that is, to declare it has no jurisdiction.

Plaintiff is of the opinion that minus constitutional authority the court has no other option than to dismiss the case with prejudice.

## Reason Number Three

The Defendants have not shown any evidence nor presented any evidence that they are entitled to the relief they seek from this court. What the Defendants have shown is an unconstitutional complaint, using or citing case laws which do not apply to THIS case. As this court knows, any attorney can present a good and sometimes convincing argument upon a misinterpretation of the truth. This appears to be what the Defendants are doing. The Plaintiff will now provide the court with additional facts in support.

## Additional Arguments In Support

The Defendants stated,"In her Amended Petition, Plaintiff contests the transfer of rights under the Deed of Trust to Fannie Mae ". (Defendants Motion To Dismiss, page 3).

Defendants then take the position that because the Plaintiff was not a party to the assignment of the mortgage, Plaintiff has no right or interest in such assignment. Therefore, Plaintiff lacks standing to bring this claim. The Defendants advance that position citing case laws in support of what they interpret Plaintiff had said. A misinterpretation can cause the interpreter to not only deceive himself, but also to try to convince others into believing the same deception. The Defendants cited numerous case laws in an act of trying to convince this Court of that deception. The deception created by

their misinterpretation of Plaintiff's position. An analysis of the case laws will reveal the Defendants' misinterpretation of what they thought was Plaintiff's position. The analysis of the same law will also show how these case laws don't apply to Plaintiff's case.

The following are some of the case laws cited by the Defendants. "In order to establish standing, plaintiffs must assert their own legal rights and interest, and cannot rely on the legal rights and interest of a third party. Warth v.Seldin, 422 U.S. 490,499 (1975)(citing, e.g., Tileston v.Ullman, 318 U.S.44 (1943); United States v. Raines, 362 U.S. 17 (1960); see also Apache Bend Apartments, Ltd.v. United States, 987 F. 2d 1174, 1176(5th Cir .1993)(en banc)(internal quotation omitted). Mortgage borrowers have no standing to contest the assignments from assignee to assignee because the borrower is not a party to those agreements. McAllister v. BAC Home Loans Servicing, LP, No.4:10 -CV- 504, 2011 WL 2200672, at*5-6 (E.D. Tex., April 28, 2011); Those agreements are for the benefit of the assignor and assignee; the borrower's rights are not affected by them and they accordingly lack standing to complain about them. Id."

None of the above cited case laws applies to this case. The case laws do not address Plaintiff's issue. However, the same case laws can be applied to the Defendants!

What those courts did not say and perhaps because it wasn't present for consideration is whether the transfer assignment becomes a breach of contract between borrower and lender. The case laws cited are between the lender and a third party. Plaintiff now take the position that an original contract was formed between the borrower and lender. Once the lender contracted with a third party," for the benefit of the assignor and assignee", the borrower is released from the original contract. From that point forth, the borrower no longer has an obligation to continue to pay, since the lender released him from the original contract. The lender forfeited the property to the borrower. This becomes a question of law, and the case should proceed to jury trial as agreed between the parties and accepted by this court. (Without waiving the Constitutional and jurisdictional questions previously mentioned).

Plaintiff also claims that the lender cannot force the Plaintiff into a new contract with a third party, the assignee.
Which is exactly what occurs once a lender enters into a contract with the assignee. Plaintiff has a constitutional right to reject becoming a party to a contract through the act of another person, the lender. A question of law which requires determination by the court.

For, but not limited to, the reasons stated above, Plaintiff request the court to Deny Defendants 'Brief In Support of Their Motion To Dismiss Pursuant To Federal Rule Of Civil Procedure 12 (B)(6).

Respectfully submitted,

_[signature]_

Cary A. Zolman, Plaintiff

Pro-se and in Flesh and Blood

## Certificate of Service

I, Cary A. Zolman, hereby certify that a true and correct copy of the foregoing instrument was served via regular and certified U.S. Mail on this 7th day of September, 2016, upon:

Philip W. Danaher (attorney for Defendants)

14160 North Dallas Parkway, Suite 900

Dallas, Texas 75254

_[signature]_

Cary A. Zolman, Plaintiff

Pro-se and in Flesh and Blood